UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLASSCO INC.,<br><br>                Plaintiff,<br><br>   v.<br><br>KYOCERA INTERNATIONAL, INC.,<br>KYOCERA CORPORATION,<br>KYOCERA COMMUNICATIONS, INC.,<br>PANTECH COMPANY, LTD.,<br>PANTECH WIRELESS, INC.,<br>PERSONAL COMMUNICATIONS DEVICES, LLC,<br>SONY ERICSSON MOBILE COMMUNICATIONS AB,<br>SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC.,<br>NOKIA CORPORATION,<br>NOKIA INC.,<br><br>                Defendants. | Civil Case No. 1:10-CV-12282<br><br>**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff ClassCo Inc. files this Amended Complaint and demand for jury trial seeking relief for patent infringement by the Defendants. ClassCo Inc. states and alleges the following:

### THE PARTIES

1.     Plaintiff ClassCo Inc. ("ClassCo") is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business at 99 Airport Road, Concord, New Hampshire 03302.

2. On information and belief, Defendant Kyocera International, Inc. is a corporation organized and existing under the laws of California, with its principal place of business at 8611 Balboa Ave., San Diego, California 92123-1580.

3. On information and belief, Defendant Kyocera Corporation is a corporation organized and existing under the laws of Japan, with its principal place of business at 6 Takeda Tobadono-cho, Fushimi-ku, Kyoto, 612-8501, Japan.

4. On information and belief, Defendant Kyocera Communications, Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business at 9520 Towne Centre Drive, San Diego, California 92121-1972.

5. On information and belief, Defendant Pantech Company, Ltd. is a corporation organized and existing under the laws of Korea, with its principal place of business at Dmc I-2, Sangam-Dong, Mapo-Gu, Seoul, South Korea.

6. On information and belief, Defendant Pantech Wireless, Inc. is a corporation organized and existing under the laws of Georgia, with its principal place of business at 5607 Glenridge Drive, Suite 500, Atlanta, Georgia 30342.

7. On information and belief, Defendant Personal Communications Devices, LLC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 555 Wireless Blvd., Hauppauge, New York 11788-3966.

8. On information and belief, Defendant Sony Ericsson Mobile Communications AB is a corporation organized and existing under the laws of Sweden, with its principal place of business located at Nya Vattentornet, Lund, SE-22188, Sweden.

9. On information and belief, Defendant Sony Ericsson Mobile Communications (USA) Inc. is a corporation organized and existing under the laws of the State of Delaware, with

its principal place of business located at 3333 Piedmont Road, Suite 600, Atlanta, Georgia 30305-1714.

10. On information and belief, Defendant Nokia Corporation is a corporation organized and existing under the laws of the Republic of Finland, with its principal place of business at Keilalahdentie 4, P.O. Box 226, FI-00045 Nokia Group, Espoo, Finland.

11. On information and belief, Defendant Nokia Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 102 Corporate Park Drive, White Plains, New York 10604.

## JURISDICTION AND VENUE

12. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. This Court has personal jurisdiction over each of the Defendants because each Defendant regularly conducts business in the Commonwealth of Massachusetts and therefore has substantial and continuous contacts within this judicial district; because each Defendant has purposefully availed itself to the privileges of conducting business in this judicial district; and/or because each Defendant has committed acts of patent infringement in this judicial district. Upon information and belief, each Defendant has purposefully shipped its products into this district through established distribution channels and has placed its products into the stream of commerce with the expectation that they will be purchased by consumers in this district.

14. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## COUNT I
### (Patent Infringement)

15. ClassCo restates and realleges the preceding paragraphs of this Amended Complaint.

16. On November 29, 2005, United States Patent No. 6,970,695 ("the '695 patent") entitled "Calling Party Announcement Apparatus" was duly and legally issued by the United States Patent and Trademark Office. ClassCo owns the '695 patent by assignment.

17. On April 17, 2007, United States Patent No. 7,206,572 ("the '572 patent") entitled "Calling Party Announcement Apparatus" was duly and legally issued by the United States Patent and Trademark Office. ClassCo owns the '572 patent by assignment.

18. Defendants Kyocera International, Inc., Kyocera Corporation, and Kyocera Communications, Inc. have been and are infringing, actively inducing others to infringe, and/or contributing to the infringement of the '695 and '572 patents by, *inter alia*, making, using, selling, offering to sell, importing, marketing, advertising, testing, and/or instructing users regarding certain telephone products with audible caller identification embodying the patented inventions, including, but not limited to, the Kyocera Melo S1300 telephone product.

19. Defendants Pantech Company, Ltd. and Pantech Wireless, Inc. have been and are infringing, actively inducing others to infringe, and/or contributing to the infringement of the '695 and '572 patents by, *inter alia*, making, using, selling, offering to sell, importing, marketing, advertising, testing, and/or instructing users regarding certain telephone products with audible caller identification embodying the patented inventions, including, but not limited to, the Pantech Ease telephone product.

20. Defendant Personal Communications Devices, LLC has been and is infringing, actively inducing others to infringe, and/or contributing to the infringement of the '695 and '572

patents by, *inter alia*, making, using, selling, offering to sell, importing, marketing, advertising, testing, and/or instructing users regarding certain telephone products with audible caller identification embodying the patented inventions, including, but not limited to, the CDM8950 telephone product.

21. Defendants Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA) Inc. have been and are infringing, actively inducing others to infringe, and/or contributing to the infringement of the '695 and '572 patents by, *inter alia*, making, using, selling, offering to sell, importing, marketing, advertising, testing, and/or instructing users regarding certain telephone products with audible caller identification embodying the patented inventions, including, but not limited to, the Sony Ericsson Vivaz telephone product.

22. Defendants Nokia Corporation and Nokia Inc. have been and are infringing, actively inducing others to infringe, and/or contributing to the infringement of the '695 and '572 patents by, *inter alia*, making, using, selling, offering to sell, importing, marketing, advertising, testing, and/or instructing users regarding certain telephone products with audible caller identification embodying the patented inventions, including, but not limited to, the Nokia N75 telephone product.

23. Upon information and belief, Defendants will continue to infringe the '695 and '572 patents unless and until they are enjoined by this Court.

24. The Defendants have caused and will continue to cause ClassCo irreparable injury and damage by infringing the '695 and '572 patents. ClassCo will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Defendants are enjoined from infringing the '695 and '572 patents.

**PRAYER FOR RELIEF**

WHEREFORE, ClassCo respectfully requests that this Court:

(1)     Enter judgment that each Defendant has infringed the '695 and '572 patents;

(2)     Enter an order permanently enjoining each Defendant and its officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '695 and '572 patents;

(3)     Award ClassCo damages in an amount sufficient to compensate it for each Defendant's infringement of the '695 and '572 patents, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

(4)     Award ClassCo an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

(5)     Declare this case to be "exceptional" under 35 U.S.C. § 285 and award ClassCo its attorney fees, expenses, and costs incurred in this action; and

(6)     Award ClassCo such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

ClassCo demands a jury trial on all issues so triable.

Dated:  February 17, 2011

By: */s/ Stephen A. Marshall*
Gregory A. Madera (BBO #313200)
Thomas A. Brown (BBO #657715)
Stephen A. Marshall (BBO #666200)
Maureen Brenner (BBO #679573)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Tel: (617) 542-5070
Fax: (617) 542-8906


Attorneys for Plaintiff
CLASSCO INC.

7

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by U.S. Mail to those indicated as non-registered participants on this 17th day of February 2011.

                                                */s/ Stephen A. Marshall*
                                                Stephen A. Marshall